ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Emerson Martin, | No.  CV 18-00290-TUC-RM |
| Plaintiff, | |
| v. | **ORDER** |
| J.T. Shartle, et al., | |
| Defendants. | |

On June 11, 2018, Plaintiff Jerry Emerson Martin, who is not in custody, filed a civil rights Complaint pursuant to 28 U.S.C. §1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Doc. 1), and paid the filing fee.[1] Plaintiff has also filed a Motion to Appoint Counsel (Doc. 2).

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the

---

[1] Because Plaintiff was not in custody at the time the Complaint was filed, and because he is not proceeding in forma pauperis, the Court will not screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) or 1915A(a).

TERMPSREF

1  merits as well as the ability of Plaintiff to articulate his claims pro se in light of the
2  complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and
3  both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v.*
4  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

5  Having considered both elements, it does not appear at this time that
6  exceptional circumstances are present that would require the appointment of counsel in
7  this case. Plaintiff is in no different position than many pro se prisoner litigants. Thus,
8  the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

9  That Court will, however, require that Defendants answer the Complaint or
10  otherwise respond by appropriate motion within the time provided by the applicable
11  provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

12  **IT IS ORDERED:**

13  (1)   Plaintiff's Motion to Appoint Counsel (Doc. 2) is **denied**.

14  (2)   Plaintiff must either serve each Defendant in compliance with the
15  applicable rules of the Federal Rules of Civil Procedure, and the Local Rules of this
16  Court, or seek a waiver of service from each Defendant.

17  (2)   If Plaintiff does not obtain a waiver of service of the summons or complete
18  service of the Summons and Complaint on a Defendant within 90 days of the filing of the
19  Complaint or within 60 days of the filing of this Order, whichever is later, the action may
20  be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv
21  16.2(b)(2)(B)(ii).

22  (3)   Defendants must answer the Complaint or otherwise respond by
23  appropriate motion within the time provided by the applicable provisions of Rule 12(a) of
24  the Federal Rules of Civil Procedure.

25  (4)   Any answer or response must state the specific Defendant by name on
26  whose behalf it is filed. The Court may strike any answer, response, or other motion or
27  paper that does not identify the specific Defendant by name on whose behalf it is filed.
28  . . . .

**TERMPSREF**

1       (5)    This matter is assigned to the **standard track** pursuant to Rule 16.2(b)(3) of the Local Rules of Civil Procedure and to the **Mandatory Initial Discovery Pilot** pursuant to General Order 17-08.

      Dated this 26th day of June, 2018.

_____
Honorable Rosemary Márquez
United States District Judge

**TERMPSREF**

- 3 -